UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>PETRAS, et al.,<br><br>        Defendants. | No.  2:20-cv-1536 WBS CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff is a California prisoner proceeding pro se with a civil action.  The motion to dismiss for failure to state a claim upon which relief can be granted filed by defendants Merck & Co. and Merck Sharp & Dohme (collectively Merck) is before the court.

I.  Standard for Motion to Dismiss for Failure to State a Claim

       When considering whether a compliant should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, the court must accept the allegations in the operative pleadings as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Along with the allegations made in the operative complaint, the court may consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

/////

1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

II. Plaintiff's Allegations

In the operative first amended complaint, plaintiff alleges that on May 25, 2017, Dr. Liu, a urologist, prescribed for plaintiff the drug Proscar[1] which is manufactured by Merck.  According to the Food and Drug Administration (FDA) at fda.gov, Proscar is a "5-Alpha Reductase Inhibitor" which is a "group of drugs that are used in the treatment of an enlarged prostate gland (benign prostatic hyperplasia)."[2]  Plaintiff alleges that he took Proscar from June of 2017 through October of 2018.  Plaintiff alleges that he was never warned by any of physicians about any potential side effects.

Following a visit with Dr. Hsieh on September 21, 2018, plaintiff was diagnosed with a "high grade aggressive prostate cancer."  Plaintiff alleges that the cancer was caused by Proscar.

III. Proscar Label

When plaintiff took Proscar, the label warned that use of a 5-Alpha Reductase Inhibitor such as Proscar might increase the risk of development of high-grade prostate cancer.  The label

---

[1] In his amended complaint, plaintiff mostly refers to the drug he was prescribed as "Finasteride."  The court judicially notices, pursuant to Federal Rule of Evidence 201(b)(2), that Proscar is the brand name assigned by Merck to its version of Finasteride used to treat benign prostatic hyperplasia.  Herein, the court refers to the drug plaintiff was prescribed as "Proscar."  The court also judicially notices that Merck markets Finasteride as Propecia which is used to treat baldness in males and is manufactured at a different dose than Proscar.

[2] The court also judicially notices this fact pursuant to Federal Rule of Evidence 201(b)(2).

indicates this conclusion was based upon a study in which individuals taking Finasteride developed high grade prostate cancer at a rate of 1.8% versus a placebo rate of 1%.[3]

IV.  Plaintiff's Claims and Analysis

    A.  Failure to Warn / Inadequate Warning

Plaintiff claims that Merck failed to warn him and his physicians about the "dangerous propensities" of taking Proscar.  However, plaintiff fails to point to anything which could provide the basis for a reasonable inference that Merck was somehow aware of any potential side effects of Proscar which were not included on the label.[4]  For these reasons, plaintiff fails to state a claim for failure to warn or inadequately warning.

    B.  Breach of Warranty & Manufacture / Design Defect

Plaintiff also alleges that a manufacturing or design defect with respect to Proscar either caused or accelerated his prostate cancer.   He also claims that Merck is liable for breach of either an express or implied warranty.  However, as noted by Merck, in California "breach of express or implied warranty claims, [and] design defect claims, may not be maintained against a manufacturer of prescription drugs who has properly prepared the product and marketed it with warnings of known or knowable dangers."  Huft v. Horowitz, 4 Cal.App.4th 8, 24 (4th Dist. 1992).  As indicated above, plaintiff fails to point to anything suggesting the label for Proscar was somehow inadequate.

To the extent that plaintiff alleges that there was some defect in the manufacturing process for the Proscar he took, he fails to point to anything which reasonably suggests as much.

IV.  Conclusion

For all of the foregoing reasons, the court will recommend that Merck's motion to dismiss be granted and plaintiff's remaining claims against Merck be dismissed.  In light of the court's

---

[3] The court judicially notices the contents of the label for Proscar issued March 11, 2014 pursuant to Federal Rule of Evidence 201(b)(2).  The label appears at accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.process&ApplNo=20180.

[4] Plaintiff seems to suggest that the label should have indicated that Proscar in fact causes cancer rather than increases the risk of developing cancer.  ECF No. 15 at 9.  Plaintiff points to no facts supporting that allegation.

recommendations, the court need not address Merck's other arguments in favor of dismissal.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Defendants Merck & Co. and Merck Sharp & Dohme's motion to dismiss (ECF No. 38) be granted:

2. Claim 2 in plaintiff's amended complaint be dismissed; and

3. Defendants Merck & Co. and Merck Sharp & Dohme be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 1, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mart1536.mtd