UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN,<br><br>         Plaintiff,<br><br>     v.<br><br>PETRAS, et al.,<br><br>         Defendants. | No. 2:20-cv-1536 WBS CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding with a claim arising under the Eighth Amendment against three California Department of Corrections and Rehabilitation (CDCR) physicians: Dr. Liu, Dr. Ota and Dr. Petras. Two motions to compel are before the court, one filed by Drs. Ota and Petras and one filed by Dr. Liu. Each motion concerns plaintiff's testimony at his deposition. The court has reviewed the transcript of the deposition. Plaintiff refused to answer most of the questions asked at the deposition without any remotely reasonable basis for doing so.[1]

---

[1] The questions plaintiff refused to answer are referenced as follows by the page and line number where they appear in the transcript of plaintiff's deposition: 7:1-3, 8:5-6, 21:12-13, 23:14-16; 26:14-16, 28:4-7, 29:15-16, 30:9-13, 30:24-25, 31:7-8, 31:15-16, 31:23-25, 32:13-16, 33:10-12, 33:22-23, 34:3-4, 34:11-13, 34:24-35:1, 35:8-8, 35:14-18, 35:23-25, 36:10-12, 36:19-21, 37:1-2, 37:15-16, 38:13-14, 38:20-21, 39:3-4, 40:18-20, 40:25-41:2, 41:18-19, 42:1-2, 42:5-6, 42:10, 42:20-21, 42:23-25, 43:7-8, 43:16-19, 43:24-44:2, 44:6-9, 44:13-14, 44:19-20, 44:24-45:2, 45:11-12, 45:20-22, 46:1-4, 46:12-14, 46:18, 46:22-24, 47:3-5, 47:13-16, 47:22-23, 48:15-16, 48:20-21,

1

Generally speaking, there are three grounds upon which a deponent can refuse to answer a question: "when necesary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under [Federal Rule of Civil Procedure] . . . 30(d)(3)." Fed. R. Civ. P 30(c)(2).  Privilege is the only ground relevant here.  With respect to most of the questions asked, plaintiff refused to answer based upon the "work product privilege."  This privilege, referenced in Federal Rule of Civil Procedure 26(b)(3), protects discovery of documents and tangible things "prepared in anticipation of litigation or for trial" unless certain qualifications are met.  The privilege does not ordinarily pertain to testimony.

Counsel for defendants attempted to better understand plaintiff's use of the privilege, but plaintiff refused to elaborate and instead objected on inappropriate grounds such as "argumentative," "asked and answered," and "harassing."  RT 25:4-26:11, 30:17-21, 51:13-52:10, 63:13-64:13. At times, plaintiff also refused to answer questions on the grounds that defendants were already privy to the information requested, asserting that the information was contained in plaintiff's operative pleading or medical records.  Plaintiff's objections were not appropriate. At a deposition a party is entitled to ascertain whether testimony from a deponent is consistent with other evidence and then ask relevant follow-up questions.  It could be appropriate for a deponent to answer a question "as I said in my complaint . . .", or to assert, "I do not recall, so I will defer to what I put in my complaint."  It is not appropriate for a deponent to refuse to answer a question on the grounds that the information requested lies within the complaint or in some other evidence.

The court finds that plaintiff's refusal to answer questions at the first deposition to be egregious. Defendants' motion to compel will therefore be granted, and plaintiff will be required to sit for deposition a second time.  Because plaintiff refused to answer the vast majority of the questions asked, the permitted scope of the deposition will be the same as the first, with the exception that counsel for defendants should refrain for asking those few questions plaintiff did answer except as is necessary to provide context for a new question.  Plaintiff is warned that if he

---

49:4-5, 49:15-17, 50:11-13, 56:1-2, 57:7, 57:23-24, 58:7-8, 58:17-18, 58:22-24, 59:3-4, 59:16-17, 59:20-21, 60:2-5, 60:9-10, 60:13-14, 61:21-22, 62:21-22, 63:1-2, 63:10-12, 64:14-16, 65:5-7, 65:9-12, 65:17-18, 65:21-23, 66:1-2, 66:14-15, 66:18-20, 68:7-10, 68:12-14, 68:21-22, 69:17-19, 70:4, 70:6-8, 70:22-23, 71:9-11.

refuses to answer a question without a valid basis for doing so at the second deposition, sanctions, which could include dismissal of this action, will be imposed.

Finally, defendants seek reimbursement for expenses incurred in bringing their motions to compel. Drs. Petras and Ota seek $1,320. Dr. Liu seeks $900. Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

An award of expenses is warranted here. At the deposition, counsel for defendants repeatedly attempted to gain plaintiff's compliance with rules related to depositions, but plaintiff unrelentingly and unreasonably refused to comply. Follow-up by counsel for defendants after the deposition would have been a waste of time and resources. Further, plaintiff does not suggest in his opposition to defendants' motions that anything counsel for defendants could have said would have made him answer questions. As indicated above, there is no justification for plaintiff's refusal to answer questions and plaintiff fails to point to anything suggesting an award of expenses is unjust.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The motions to compel filed by defendants Dr. Ota and Dr. Petras (ECF No. 63) and defendant Dr. Liu (ECF No. 64) are granted. Defendants may depose plaintiff a second time, consistent with the findings made herein, by October 6, 2023. Any motion to compel with respect to the deposition shall be filed no later than November 3, 2023.

2. Defendants' requests for reimbursement of costs associated with bringing their motions to compel are granted. Plaintiff is ordered to pay to counsel for defendants Dr. Ota and Dr. Petras the sum of $1,320 and counsel for defendant Dr. Liu $900. To that end, within 15 days, counsel

3

for defendants shall serve plaintiff with instructions as to where payment should be made. Defendants shall serve a copy of said instructions with the court. Within 30 days of service of those instructions, plaintiff shall make payment upon counsel for defendants and file a certificate with the court indicating that he has done so.

Dated: August 16, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mart1536.mtc
1